John Conners, Appellee, v. Gertrude Wagner et al., on appeal of Maud Guettrich et al., Appellants.

Gen. No. 23,568.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed. Opinion filed June 14, 1918.

### Statement of the Case.

Action by John Conners, plaintiff, against Gertrude Wagner, Maud Guettrich, William Guettrich and L. Hisgen, defendants, to recover damages for personal injuries caused by the alleged failure to keep demised premises in repair. From a judgment for $450 in favor of plaintiff, defendants with the exception of Gertrude Wagner, who was not served with summons, appeal.

HENRY J. and CHARLES AARON, for appellants; WILLIAM H. HOLLY, of counsel.

E. M. SEYMOUR, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1.  MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim is insufficient in action by tenant against landlord for personal injuries.* A statement of claim, in an action by a tenant against his landlord for personal injuries caused by a fall from an unrailed stairway, alleging that it was the duty of defendant to keep the premises in repair, but alleging no agreement on the part of defendant to repair, and no facts from which a duty to repair could arise,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

is insufficient to state a cause of action, the allegation of a duty to repair being a mere conclusion.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when judgment on insufficient statement of claim not validated.* Where a statement of claim was insufficient to state a cause of action, a judgment thereon for plaintiff after a trial had in the absence of defendants could not be given vitality by the filing, with leave of court, of an amended statement of claim after the entry of judgment.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*what amendment of statement of claim not allowed after judgment.* Where the original statement of claim was insufficient to state a cause of action, an amendment is equivalent to setting up a new cause of action and is not allowable after judgment.

4. PLEADINGS, § 248*—*what amendments permitted after judgment.* Amendments of pleadings after judgment are permitted by statute for defects or imperfections in matters of form, but not as to substance.